**U.S. Department of Justice**



*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*      *(203) 821-3700*
*157 Church Street*                 *Fax (203) 821-3829*
*New Haven, Connecticut  06510*     *www.usdoj.gov/usao/ct*

Gary Weinberger, Esq.
Assistant Federal Defender
Office of the Federal Public Defender
10 Columbus Boulevard, 6th Floor
Hartford, Connecticut  06106

      Re:    <u>United States v. Roy Sastrom</u>, 3:08CR240 (PCD)

Dear Attorney Weinberger:

      This letter confirms the plea agreement entered into between your client, Roy Sastrom (the "defendant"), and the United States Attorney's Offices for the District of Connecticut and Massachusetts (the "Government") concerning the referenced criminal matter (the "Connecticut case").

## THE PLEA AND OFFENSE

      The defendant, Roy Sastrom agrees to plead guilty to Counts Two and Four of his Connecticut indictment, which charge him with perpetrating two separate anthrax hoaxes, each in violation of 18 U.S.C. § 1038(a)(1).  He understands that to be guilty of each offense the following essential elements of the offense must be satisfied:

1. The defendant engaged in conduct with the intent to convey false or misleading information;

2. The defendant conveyed the information under circumstances in which such information may reasonably have been believed; and

3. Such information indicated that an activity had taken, was taking, or would taken place that would constitute a violation of certain enumerated federal statutes – here, a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

## THE PENALTIES

Each offense carries a maximum penalty of five (5) years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three (3) years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two (2) years with no credit for the time already spent on supervised release.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction unless the assessment is remitted upon motion of the government. Because it appears, based on information known to the government at the present time, including representations of the defense, that the defendant has no assets, is unlikely to acquire assets within the five year period after sentencing for the payment of his special assessment, and therefore efforts to collect are not likely to be effective, the government intends to make a motion at sentencing to remit the special assessment pursuant to 18 U.S.C. § 3573.

## STIPULATION OF OFFENSE CONDUCT

The defendant, Roy Sastrom, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Counts Two and Four of the Connecticut Indictment:

> In August 2008, in the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey false and misleading information, by causing to be delivered by the U.S. Postal Service to the "Clerks Office, U.S. Supreme Court, Washington, DC 20543," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," under circumstances where such information may reasonably have been believed, and which indicated that an activity had taken and was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

> In September 2008, in the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey false and misleading information, by causing to be delivered by the U.S. Postal Service to the "Dept. of Veterans Affairs, 810 Vermont Ave, NW, Washington, DC 20420," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," under circumstances where such information may reasonably have been believed, and which indicated that an activity had taken and was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

2

Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

### Waiver of Venue and Consent to Transfer of Case for Plea and Sentence

The defendant understands that he has the right to be prosecuted and tried in the district in which each offense was committed. The defendant expressly acknowledges that he is knowingly and voluntarily waiving his right to be prosecuted and tried on this case in the District of Connecticut and he knowingly and voluntarily consents to the transfer of this case to the District of Massachusetts for plea and sentence.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant as a result of his having sent a white powder letter on or about August 8, 2008 to the United States Supreme Court with the words "Anthrax Die!"; and for his having sent a second, similar letter on or about September 15, 2008 to the Department of Veteran's Affairs in Washington, D.C. with the words "Anthrax Die!", which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss Counts One and Three of the indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void this agreement.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into regarding the Connecticut case other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed.

4

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

*Stephen B. Reynolds*
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

PAUL H. McCONNELL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_Roy Sastrom_                                                4-29-09
ROY SASTROM                                                  DATE
THE DEFENDANT

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_Gary J. Weinberger_                                         4/29/09
GARY WEINBERGER, ESQ.                                        DATE
ATTORNEY FOR THE DEFENDANT

5