APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:09-cr-10168-PBS-1

| | |
|---|---|
| Case title: USA v. Sastrom | Date Filed: 06/02/2009 |
| Other court case number: 3:08cr240-PCD USDC District of Connecticut | Date Terminated: 02/02/2010 |

Assigned to: Judge Patti B. Saris

Appeals court case number: 22-1750
USCA - First Circuit

**Defendant (1)**

**Roy Sastrom**
*TERMINATED: 02/02/2010*

represented by **Elizabeth A. Lunt**
Zalkind Duncan & Bernstein LLP
65A Atlantic Avenue
Boston, MA 02110
617-742-6020
Fax: 617-742-3269
Email: lunt@zalkindlaw.com
*TERMINATED: 09/09/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jane F. Peachy**
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street
5th Floor
Boston, MA 02210
617-223-8061
Email: jane_peachy@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

I hereby certify on ___ that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on ___
☐ original filed in my office on ___
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk

**Pending Counts**

18:1038(a)(1) FALSE INFORMATION
AND HOAXES
(2)

**Disposition**

The defendant is sentenced on Counts 2
and 4 to 24 months imprisonment, 36
months of supervised release with
conditions. No special special assessment.

Govt. filed an oral motion to remit special
assessment. EFH allowed the motion.
This sentence is to run concurrently with
the sentenced imposed in CR08-10314.
Government to file motion to dismiss
counts 1 and 3.

18:1038(a)(1) FALSE INFORMATION
AND HOAXES
(4)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:876(c) MAILING THREATENING COMMUNICATIONS (1) | Count 1 Dismissed on Motion by government. |
| 18:876(c) MAILING THREATENING COMMUNICATIONS (3) | Count 3 dismissed on motion by government. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA                    represented by   **Leah B. Foley**
United States Attorney's Office
John J. Moakley U.S. Courthouse
Suite 9200
One Courthouse Way
Boston, MA 02210
617-748-3114
Fax: 617-748-3951
Email: leah.foley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|

| 06/02/2009 | 1 | CONSENT TO TRANSFER JURISDICTION (Rule 20) from District of Connecticut by Roy Sastrom. (Attachments: # 1 Indictment, # 2 Detention Order, # 3 Plea Agreement, # 4 Docket Sheet)(Cummings, Mary) (Entered: 06/02/2009) |
|---|---|---|
| 06/03/2009 | 2 | General Order 09-1, dated January 6, 2009 regarding the E-Government Act and Personal Identifiers entered as to Roy Sastrom (Cummings, Mary) (Entered: 06/03/2009) |
| 06/08/2009 | | Case as to Roy Sastrom Reassigned to Senior Judge Edward F. Harrington. Judge William G. Young no longer assigned to the case. (Paine, Matthew) (Entered: 06/08/2009) |
| 06/23/2009 | | Electronic Clerk Notes for proceedings held before Senior Judge Edward F. Harrington: Arraignment as to Roy Sastrom (1) Count 2,4 held on 6/23/2009, Colloquy with defendant re: rights and charges. Govt. states maximum penalties. Plea entered by Roy Sastrom (1) Guilty Count 2,4. Colloquy re: plea agreement. Govt. states evidence if case were to go to trial. Colloquy with defendant re: state of mind, mental health, representation of counsel. ( Sentencing set for 10/1/2009 02:00 PM in Courtroom 13 before Senior Judge Edward F. Harrington.) (Court Reporter Womack.)(Attorneys present: AUSA Foley, Lunt) (Folan, Karen) (Entered: 06/23/2009) |
| 07/20/2009 | 3 | General Order 09-1, dated January 6, 2009 regarding the E-Government Act and Personal Identifiers entered as to Roy Sastrom (Folan, Karen) (Entered: 07/20/2009) |
| 09/29/2009 | | ELECTRONIC NOTICE OF RESCHEDULING as to Roy Sastrom Sentencing set for 10/1/2009 10:30 AM in Courtroom 13 before Senior Judge Edward F. Harrington. NOTICE IS FOR TIME CHANGE ONLY.(Folan, Karen) (Entered: 09/29/2009) |
| 10/01/2009 | | Electronic Clerk Notes for proceedings held before Senior Judge Edward F. Harrington: Sentencing held on 10/1/2009 for Roy Sastrom (1), Count(s) 2, The defendant is sentenced on Counts 2 and 4 to 24 months imprisonment, 36 months of supervised release with conditions. No special special assessment. Govt. filed an oral motion to remit special assessment. EFH allowed the motion. This sentence is to run concurrently with the sentenced imposed in CR08-10314. Government to file motion to dismiss counts 1 and 3... (Court Reporter Kline.)(Attorneys present: Foley, Lunt) (Folan, Karen) (Entered: 10/01/2009) |
| 10/06/2009 | 4 | MOTION to Dismiss *Counts 1 and 3 of Indictment* as to Roy Sastromby USA. (Foley, Leah) (Entered: 10/06/2009) |
| 10/08/2009 | | Senior Judge Edward F. Harrington: Electronic ORDER entered granting 4 Motion to Dismiss Counts 1 and 3 as to Roy Sastrom (1) (Folan, Karen) (Entered: 10/08/2009) |
| 02/02/2010 | 5 | Senior Judge Edward F. Harrington: ORDER entered. JUDGMENT as to Roy Sastrom (1), Count(s) 1, Count 1 Dismissed on Motion by government.; Count(s) 2, The defendant is sentenced on Counts 2 and 4 to 24 months imprisonment, 36 months of supervised release with conditions. No special special assessment. Govt. filed an oral motion to remit special assessment. EFH allowed the motion. This sentence is to run concurrently with the sentenced imposed in CR08-10314. Government to file motion to dismiss counts 1 and 3.; Count(s) 3, Count 1 and 3 dismissed on motion by government. (Folan, Karen) (Entered: 02/03/2010) |

| 09/08/2022 | 6 | Request from Probation regarding request for remote status conference as to Roy Sastrom. Requested action: approval of request (Prophet, Justin) (Entered: 09/08/2022) |
|---|---|---|
| 09/08/2022 | 7 | Notice of Reassignment as to Roy Sastrom. Judge Patti B. Saris added. Senior Judge Edward F. Harrington no longer assigned to case. (Finn, Mary) (Entered: 09/08/2022) |
| 09/08/2022 | 8 | ELECTRONIC NOTICE of Case Assignment as to Roy Sastrom; If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Finn, Mary) (Entered: 09/08/2022) |
| 09/08/2022 | 11 | Judge Patti B. Saris: ENDORSED ORDER entered as to Roy Sastrom re 6 Probation Request. The Court Orders: " Approved: Remote Status Conference to be scheduled." (Geraldino-Karasek, Clarilde) (Entered: 09/09/2022) |
| 09/09/2022 | 9 | ELECTRONIC NOTICE OF HEARING as to Roy Sastrom  This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.  Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.  For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.  HEARING set for 9/16/2022 AT 11:00 AM BY VIDEO before Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 09/09/2022) |
| 09/09/2022 | 10 | Judge Patti B. Saris: ORDER entered. ORDER APPOINTING FEDERAL DEFENDER PROGRAM Jane F. Peachy as to Roy Sastrom. (Geraldino-Karasek, Clarilde) (Entered: 09/09/2022) |

| 09/16/2022 | 12 | Electronic Clerk's Notes for proceedings held before Judge Patti B. Saris: Status Conference as to Roy Sastrom held on 9/16/2022 by VIDEO, Mr. Sastrom appears by video

Petition to Modify Conditions of Supervised Release addressed.

ORDERED: parties shall submit proposed order re: modification of conditions of Supervised Release

Defense Counsel response shall be filed by 9/21/2022

All matters taken under advisement

(Ausa Foley, Piemonte, Atty Peachy, PO Prophet)Court Reporter Name and Contact or digital recording information: Lee Marzilli at leemarz@aol.com. (Molloy, Maryellen) Modified on 9/20/2022 (Molloy, Maryellen). (Entered: 09/19/2022) |
| --- | --- | --- |
| 09/21/2022 | 13 | Memorandum regarding Opposition to Modification of Conditions of Supervised Release as to Roy Sastrom (Peachy, Jane) (Entered: 09/21/2022) |
| 09/22/2022 | 14 | Judge Patti B. Saris: ORDER entered. ORDER UPON RELEASE as to Roy Sastrom (Geraldino-Karasek, Clarilde) (Entered: 09/22/2022) |
| 10/04/2022 | 15 | NOTICE OF APPEAL by Roy Sastrom re 14 Order. (Fee Status: IFP granted). NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 10/24/2022. (Peachy, Jane) (Entered: 10/04/2022)** |
| 10/04/2022 | 16 | Certified and Transmitted Abbreviated Electronic Record on Appeal as to Roy Sastrom to US Court of Appeals re 15 Notice of Appeal. (Paine, Matthew) (Entered: 10/04/2022) |
| 10/04/2022 | 17 | USCA Case Number as to Roy Sastrom 22-1750 for 15 Notice of Appeal. (Paine, Matthew) (Entered: 10/04/2022) |
| 11/04/2022 | 18 | Request from Probation as to Roy Sastrom. (Falconi, Karen) (Entered: 11/04/2022) |
| 11/09/2022 | 19 | Judge Patti B. Saris: ORDER entered as to Roy Sastrom re 18 Probation Request - Transfer of Jurisdiction - District of Connecticut. (Geraldino-Karasek, Clarilde) (Entered: 11/10/2022) |
| 12/06/2022 | 20 | Transcript of Status Conferance as to Roy Sastrom held on September 16, 2022, before Judge Patti B. Saris. COA Case No. 22-1750. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. (Dore, Samantha) (Entered: 12/07/2022) |

| 12/06/2022 | 21 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Dore, Samantha) (Entered: 12/07/2022) |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-08-3

UNITED STATES OF AMERICA      :     Case No:

                                  :     <u>VIOLATIONS:</u>

              v.             :     18 U.S.C. § 876(c) (mailing
                                    :     threatening communications)

                                    :     18 U.S.C. § 1038(a)(1) (false
ROY SASTROM                 :     information and hoaxes)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about August 8, 2008, in the District of Connecticut, ROY SASTROM, the defendant

herein, knowingly and willfully did cause to be delivered by the U.S. Postal Service to the "Clerks

Office, U.S. Supreme Court, Washington, DC 20543," an envelope in which he had placed a

substance and a letter bearing the words "Anthrax Die!," which together were addressed to another

person or persons, namely the Clerk and other employees of the Clerk's Office of the United States

Supreme Court, and which together threatened to injure the person of another.

In violation of Title 18, United States Code, Section 876(c).

## COUNT TWO

Beginning on or about August 8, 2008 and continuing until on or about August 18, 2008, in

the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey

false and misleading information, by causing to be delivered by the U.S. Postal Service to the

"Clerks Office, U.S. Supreme Court, Washington, DC 20543," an envelope in which he had placed

a substance and a letter bearing the words "Anthrax Die!," under circumstances where such

I hereby certify on _____ that the
foregoing document is a full, true and accurate copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on _____
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction)

In violation of Title 18, United States Code, Section 1038(a)(1).

## COUNT THREE

On or about September 15, 2008, in the District of Connecticut, ROY SASTROM, the defendant herein, knowingly and willfully did cause to be delivered by the U.S. Postal Service to the "Dept. of Veterans Affairs, 810 Vermont Ave, NW, Washington, DC 20420," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," which together were addressed to another person or persons, namely employees of the Department of Veteran's Affairs at 810 Vermont Ave, NW, Washington, DC, and which together threatened to injure the person of another.

In violation of Title 18, United States Code, Section 876(c).

## COUNT FOUR

Beginning on or about September 15, 2008 and continuing until on or about September 25, 2008, in the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey false and misleading information, by causing to be delivered by the U.S. Postal Service to the "Dept. of Veterans Affairs, 810 Vermont Ave, NW, Washington, DC 20420," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," under circumstances where such information may reasonably have been believed, and which indicated that an activity had taken and was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

2

In violation of Title 18, United States Code, Section 1038(a)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON


_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


_____
PETER S. JONGBLOED
CHIEF, CRIMINAL DIVISION


_____
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY


_____
PAUL H. McCONNELL
ASSISTANT UNITED STATES ATTORNEY

3



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center          *(203) 821-3700*
157 Church Street                      *Fax (203) 821-3829*
New Haven, Connecticut  06510          *www.usdoj.gov/usao/ct*

Gary Weinberger, Esq.
Assistant Federal Defender
Office of the Federal Public Defender
10 Columbus Boulevard, 6th Floor
Hartford, Connecticut  06106

        Re:   United States v. Roy Sastrom, 3:08CR240 (PCD)

Dear Attorney Weinberger:

        This letter confirms the plea agreement entered into between your client, Roy Sastrom
(the "defendant"), and the United States Attorney's Offices for the District of Connecticut and
Massachusetts (the "Government") concerning the referenced criminal matter (the "Connecticut
case").

## THE PLEA AND OFFENSE

        The defendant, Roy Sastrom agrees to plead guilty to Counts Two and Four of his
Connecticut indictment, which charge him with perpetrating two separate anthrax hoaxes, each in
violation of 18 U.S.C. § 1038(a)(1).  He understands that to be guilty of each offense the
following essential elements of the offense must be satisfied:

    1.    The defendant engaged in conduct with the intent to convey false or misleading
          information;

    2.    The defendant conveyed the information under circumstances in which such
          information may reasonably have been believed; and

    3.    Such information indicated that an activity had taken, was taking, or would taken
          place that would constitute a violation of certain enumerated federal statutes –
          here, a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of
          a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or
          attempting to use a weapon of mass destruction).

**THE PENALTIES**

Each offense carries a maximum penalty of five (5) years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three (3) years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two (2) years with no credit for the time already spent on supervised release.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction unless the assessment is remitted upon motion of the government. Because it appears, based on information known to the government at the present time, including representations of the defense, that the defendant has no assets, is unlikely to acquire assets within the five year period after sentencing for the payment of his special assessment, and therefore efforts to collect are not likely to be effective, the government intends to make a motion at sentencing to remit the special assessment pursuant to 18 U.S.C. § 3573.

**STIPULATION OF OFFENSE CONDUCT**

The defendant, Roy Sastrom, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Counts Two and Four of the Connecticut Indictment:

In August 2008, in the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey false and misleading information, by causing to be delivered by the U.S. Postal Service to the "Clerks Office, U.S. Supreme Court, Washington, DC 20543," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," under circumstances where such information may reasonably have been believed, and which indicated that an activity had taken and was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

In September 2008, in the District of Connecticut and elsewhere, the defendant, ROY SASTROM, did intentionally convey false and misleading information, by causing to be delivered by the U.S. Postal Service to the "Dept. of Veterans Affairs, 810 Vermont Ave, NW, Washington, DC 20420," an envelope in which he had placed a substance and a letter bearing the words "Anthrax Die!," under circumstances where such information may reasonably have been believed, and which indicated that an activity had taken and was taking place that would constitute a violation of 18 U.S.C. § 175 (regarding unlawful transfer or possession of a biological weapon) and 18 U.S.C. § 2332a (regarding using, threatening or attempting to use a weapon of mass destruction).

2

Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Venue and Consent to Transfer of Case for Plea and Sentence

The defendant understands that he has the right to be prosecuted and tried in the district in which each offense was committed. The defendant expressly acknowledges that he is knowingly and voluntarily waiving his right to be prosecuted and tried on this case in the District of Connecticut and he knowingly and voluntarily consents to the transfer of this case to the District of Massachusetts for plea and sentence.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

3

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant as a result of his having sent a white powder letter on or about August 8, 2008 to the United States Supreme Court with the words "Anthrax Die!"; and for his having sent a second, similar letter on or about September 15, 2008 to the Department of Veteran's Affairs in Washington, D.C. with the words "Anthrax Die!", which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss Counts One and Three of the indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void this agreement.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into regarding the Connecticut case other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed.

4

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

*Stephen B. Reynolds*

STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

*Paul H. McConnell*

PAUL H. McCONNELL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter, that he has had ample
time to discuss this agreement with counsel and that he fully understands and accepts its terms.

*Roy Sastrom*                                    4-29-09

ROY SASTROM                                    DATE
THE DEFENDANT

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s)
to my client who advises me that he understands and accepts its terms.

*Gary D. Weinberger*                             4/29/09

GARY WEINBERGER, ESQ.                          DATE
ATTORNEY FOR THE DEFENDANT

5

⚓AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                      Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>**ROY SASTROM** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:  09  CR 10168   - 001 - EFH<br>USM Number: 27139-038<br>Elizabeth Lunt, Esq.<br>_Defendant's Attorney_ |

☐ Additional documents attached

☐
**THE DEFENDANT:**
☑ pleaded guilty to count(s)   2 and 4
☐ pleaded nolo contendere to count(s)
which was accepted by the court.
☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:      Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1038(a)(1) | False Information and Hoaxes | 08/08/08 | 2, 4 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/01/09
_____
Date of Imposition of Judgment

/s/ Edward F. Harrington
_____
Signature of Judge

The Honorable Edward F. Harrington
Senior Judge, U.S. District Court
_____
Name and Title of Judge

I hereby certify on _____ that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on __2/02/2010__
☐ original filed in my office on
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

✎AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page   2   of   8

DEFENDANT:
CASE NUMBER: **1: 09  CR  10168    - 001 - EFH**

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      **24**    **month(s)**

To be served concurrently with the sentence imposed in CR 08-10314-EFH.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the deft. serve his term of imprisonment at a federal medical facility, such as the facility at FCI Rochester, MN or FCI Fort Devens, MA. Also, that the defendant participate in the Bureau of Prisons 500 Hour Residential Drug Abuse Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:09-cr-10168-PBS   Document 5   Filed 02/02/10   Page 3 of 8

🖉AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 3 - D. Massachusetts - 10/05

───────────────────────────────────────────────────────────────────

Judgment—Page  3  of  8

DEFENDANT:
CASE NUMBER: **1: 09 CR 10168  - 001 - EFH**

## SUPERVISED RELEASE

☑ **See continuation page**

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   **36**  month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:09-cr-10168-PBS   Document 5   Filed 02/02/10   Page 4 of 8

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page ___4___ of ___8___

DEFENDANT:
CASE NUMBER:  1: 09  CR  10168   - 001 - EFH

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

1. Defendant shall comply with the standard conditions that have been adopted by the Court which are described at U.S.S.G. § 5D1.3(c) and will be set forth in detail on the judgment.
2. Defendant shall not commit another federal, state or local crime, and shall not illegally possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the Probation Office.
4. Defendant shall submit to the collection of a DNA sample as directed by the Probation Office.
5. Defendant is prohibited from possessing a firearm, destructive device or other dangerous weapon.
6. Defendant is to pay the balance of the restitution according to a court-ordered repayment schedule.
7. Defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

8. Defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.
9. Defendant is not to consume any alcoholic beverages.
10. Defendant is to participate in a program for substance abuse counseling as directed by the U.S. Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.
11. Defendant is to participate in a mental health treatment program as directed by the U.S. Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.
12. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

AO 245B    (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

Judgment — Page  5  of  8

DEFENDANT:
CASE NUMBER:  **1: 09  CR  10168  - 001 - EFH**
DISTRICT:         **MASSACHUSETTS**

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑  **The court adopts the presentence investigation report without change.**

B  ☐  **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☐  No count of conviction carries a mandatory minimum sentence.

B  ☑  Mandatory minimum sentence imposed.

C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐  findings of fact in this case
☐  substantial assistance (18 U.S.C. § 3553(e))
☐  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:
Criminal History Category:
Imprisonment Range:            to           months
Supervised Release Range:          to              years
Fine Range: $            to  $
☐  Fine waived or below the guideline range because of inability to pay.

Case 1:09-cr-10168-PBS   Document 5   Filed 02/02/10   Page 6 of 8

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:
CASE NUMBER: **1: 09 CR 10168   - 001 - EFH**
DISTRICT:          **MASSACHUSETTS**

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☑   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C  ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D  ☐   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐  below the advisory guideline range
☐  above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 plea agreement based on the defendant's substantial assistance
☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐  binding plea agreement for departure accepted by the court
☐  plea agreement for departure, which the court finds to be reasonable
☐  plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 government motion based on the defendant's substantial assistance
☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
☐  government motion for departure
☐  defense motion for departure to which the government did not object
☐  defense motion for departure to which the government objected

3   **Other**
☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:                                                                                    Judgment — Page   7   of    8
CASE NUMBER:   1: 09  CR  10168   - 001 - EFH
DISTRICT:            MASSACHUSETTS

## STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐   government motion for a sentence outside of the advisory guideline system
☐   defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐   defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☐   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐   the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐   to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐   to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐   to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐   to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use Section VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:
CASE NUMBER:   **1: 09  CR  10168   - 001 - EFH**
DISTRICT:      **MASSACHUSETTS**

Judgment — Page   8   of   8

## STATEMENT OF REASONS

### VII   COURT DETERMINATIONS OF RESTITUTION

A   ☑   Restitution Not Applicable.

B   Total Amount of Restitution:   _____

C   Restitution not ordered (Check only one.):

1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4   ☐   Restitution is not ordered for other reasons.  (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

***The government moved to remit the special assessment. The court allowed the motion.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   00/00/1963

Defendant's Residence Address:   in federal custody

Defendant's Mailing Address:      in federal custody

Date of Imposition of Judgment
10/01/09

/s/ Edward F. Harrington
Signature of Judge
The Honorable Edward F. Harrington   Senior Judge, U.S. District Court
Name and Title of Judge
Date Signed   2/2/10